JOSEPH F. STEIN AND MILTON M. STEIN, CO-PARTNERS TRADING AS JOSEPH F. AND MILTON M. STEIN, PLAINTIFFS, v. J. T. STOUT COMPANY. INCORPORATED, FABIO MATAZZO AND UNITED STATES FIDELITY AND GUARANTY COMPANY, A CORPORATION, DEFENDANTS.

Decided June 20, 1931.

For the plaintiffs, *David Goldstein*.

For the defendants, *Robert J. Tait Paul*.

LAWRENCE, C. C. J.   This suit was submitted to the trial judge at the Monmouth Circuit, without a jury, on a stipulation of facts, for determination on the law deemed applicable. The plaintiffs seek judgment against the defendants Matazzo and the Fidelity and Guaranty Company in the following circumstances:   On July 16th, 1929, Matazzo entered into a contract with the state highway commission for the construction of certain sections of Highway Route No. 39.   He gave bond as required by the state Bonding act (*Pamph. L.* 1918, *p.* 203), with the company in question as surety, conditioned, among other things, for the payment of all lawful claims of subcontractors, materialmen and laborers for labor performed and materials furnished in the carrying forward, performance and completion of the contract, as contemplated by the statute.   Thereafter Matazzo subcontracted a part of the necessary excavation and fill, required by the general contract, to the J. T. Stout Company.   The latter thereupon

hired of plaintiffs two trucks with drivers, agreeing to pay therefor the sum of two dollars and fifty cents per hour, less the cost of gasoline and oil. The trucks were not operated by plaintiffs, but were used by the Stout company when and where it desired in carrying on the work to be done under its contract with Matazzo. Before completing it, however, the Stout company defaulted leaving certain unpaid bills in connection with the work, among them a bill of plaintiffs for $877.50, less charges for gas and oil provided for the trucks by the company of $84.90. Alleging to have a lienable claim under the Bonding act, *supra,* plaintiffs thereupon resorted to the provisions of that act and sought payment of the defendant bonding company, which was refused and the present suit brought. The only question presented at the trial was whether the furnishing of the trucks with drivers, in the circumstances stated, was labor performed or materials furnished within the meaning of the statute. It would seem that the answer must be in the negative.

The statute requires the payment of lienable claims only, and, according to judicial interpretation, the rental of an instrumentality, such as the hire of a truck to be operated by the subcontractor, is not within its intent or meaning as labor or material, since it does not involve a contract for transportation to be performed by the owner of such vehicle. *Delaware River Quarry and Construction Co.* v. *Board of Freeholders,* 88 *N. J. Eq.* 506 (where the nature of the engagement is pointed out as important), citing *Davis* v. *Mial,* 86 *N. J. L.* 167. While *Hammil* v. *Commercial Casualty Insurance Co.,* 5 *N. J. Mis. R.* 685, is urged as controlling here, the text of that case indicates that a contract for transportation was involved. The result is that a judgment of no cause of action must be entered in favor of defendants and against the plaintiffs. (Note—See, also, *Central Railroad of New Jersey* v. *Gallena-Poole,* 107 *N. J. Eq.* 267.)